

**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

JUSTIN M. VOGEL
Partner
Licensed in NY
Email: jvogel@garfunkelwild.com
Direct Dial: (516) 393-2570

FILE NO.:   15230.0001

November 18, 2019

**By ECF**

The Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED:  11/18/2019

Re:   *Obesity Action Coalition v. Aetna, Inc. d/b/a Aetna Better Health, Inc.*
        Docket No.: 19 -cv-04557 (VEC)

Dear Judge Caproni:

We represent the Plaintiff Obesity Action Coalition ("OAC") in the above-referenced matter, and write at the instruction of Hannah of Your Honor's staff, regarding the current deadlines associated with this lawsuit.

Aetna filed a motion to dismiss OAC's complaint on August 28, 2019. On September 6, 2019, the Court granted OAC's request for an extension of time to file its opposition brief, extending that deadline from September 11, 2019 to October 25, 2019. By letter dated October 18, 2019, OAC, with Aetna's consent, requested an additional 90-day extension of all briefing deadlines based on settlement discussions that had developed. (*See* DE #27). Your Honor granted an extension of 30-days. As a result of that extension, OAC's opposition to Defendants' motion to dismiss is due on November 25th, 2019, and Aetna's reply papers are due on December 8th, 2019 (*See* DE #28). As the deadline for OAC to submit its opposition papers is fast approaching, OAC wanted to take the opportunity to explain the progress of settlement discussions and to request an additional extension of time from the Court.

By way of brief background, OAC commenced several lawsuits against a number of insurance carriers. Each of those lawsuits interpose nearly identical allegations; *i.e.*, that the insurance carriers are violating Article III of the Americans' With Disability Act (as well as New York State law) by requiring that their insured members, who are suffering with obesity, complete a 6-month preoperative diet before those members can obtain authorization to undergo various forms of bariatric surgical procedures.

5502417v.4

The Hon. Valerie E. Caproni
November 18, 2019
Page 2

As a significant development, some of the carrier-defendants have decided to abandon the 6-month diet requirement, prompting a resolution of those matters. For example, OAC very recently withdrew its lawsuit against <u>Cigna, Healthcare, Inc.</u>, with prejudice, after Cigna dropped its six-month preoperative diet requirement. (*See* 1:19-cv-04675 (GBD), DE #24). OAC is actively engaged in similar discussions with <u>United Healthcare</u> (1:19-cv-03695-VSB), who, like Cigna, has also agreed to eliminate its six-month diet requirement in light of OAC's allegations. We expect that OAC will voluntarily dismiss its lawsuit against United, as well, once United confirms that the policy change has been implemented by United and its subsidiary / affiliated carriers.

As noted in OAC's October 18, 2019 letter to Your Honor (DE #27) counsel for Aetna, the Baker Botts law firm, confirmed that Aetna is also considering a change to its preoperative diet requirement for bariatric procedures. I am advised that Aetna continues to take such a change under advisement, (in light of the decision reached by Cigna and United), but that Aetna will not meet again to discuss the potential policy change until late December 2019. Although Aetna's counsel informed me that Aetna cannot guarantee that a decision on policy change will be reached at that time, OAC respectfully requests an additional extension of its time to submit opposition to Aetna's pending motion in an effort to avoid additional and, potentially, unnecessary legal fees, as well as to promote judicial economy. Indeed, OAC is likely to voluntarily withdraw its lawsuit against Aetna if Aetna decides to change its pre-operative diet requirement effecting patients with obesity.

In light of the foregoing, OAC respectfully requests that its time to submit opposition to Aetna's pending motion be extended to January 10, 2020. The requested extension will afford time for the parties to negotiate a settlement and/or OAC's voluntary withdrawal of the lawsuit. OAC also requests a similar extension of the other deadlines and conference dates, for the same reason. OAC will not seek an additional extension from the Court should Aetna fail to make a final determination as to the status of its preoperative diet requirement before the requested extension date.

I am advised that Aetna does not oppose OAC's request, but that Aetna will submit its own letter to the Court addressing this issue.

I thank the Court for its consideration.

Respectfully Submitted,

*/s/ Justin M. Vogel*
Justin M. Vogel

> Application GRANTED. Plaintiff's opposition brief is due by **January 10, 2020.** Defendant's reply brief is due by **January 24, 2020.** No further extensions will be granted.

cc:     All Counsel of Record via ECF

SO ORDERED.

*Valerie Caproni*                    11/18/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2

5502417v.4